# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

---

**Wednesday, July 6, 2022**　　　　　　　　　　　　　　　　　　　　**Hearing Room**　　**1568**

---

**11:00 AM**
**2:21-12447**　　**Med Equity, LLC**　　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

**#106.00**　　HearingRE: [155] Motion For Sale of Property of the Estate under Section 363(b) - No Fee Motion for Order: (1) Authorizing Sale of 871 Linda Flora Drive, Los Angeles, CA 90049 Free and Clear of Liens, Claims, and Interests; (2) Approving Proposed Overbid Procedures; (3) Determining that Buyer is a Good Faith Purchaser; (4) Authorizing Payment of Costs of Sale and Certain Liens from Escrow, (5) Waiving the Fourteen Day Stay Prescribed by Rule 6004(H) of the FRBP with proof of service

　　　　　　　　　　　　　　　　　Docket　　　155

**Matter Notes:**

　　7/6/2022

　　The tentative ruling will be the order.
　　Party to lodge order: As set forth in the Amended Tentative Ruling

　　POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

**Tentative Ruling:**

　　7/5/2022  (amended after hearing:  Subchapter V trustee to prepare the order.)

　　**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

　　　　For the reasons set forth below, the Sale Motion is **GRANTED**, except that if the stalking-horse bidder AB Capital LFD, Inc. or another overbidder has not closed the sale by August 15, 2022, then the Court will approve the Lenders' credit-bid of $2.5 million, and allow the Lenders to purchase the property as the back-up bidder.

　　**Key Sale Terms:**
　　1)　Proposed purchaser: AB Capital LFD, Inc.

United States Bankruptcy Court
Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, July 6, 2022**     **Hearing Room**   **1568**

<u>11:00 AM</u>
**CONT...**     **Med Equity, LLC**     **Chapter 11**
    2)   Property for sale: 871 Linda Flora Drive, Los Angeles, CA 90049
    3)   Purchase price: $4,750,000
    4)   Overbids: The initial overbid shall be $4,850,000. Subsequent overbids shall be in increments of $25,000, subject to adjustment by the Court to facilitate bidding.

**Pleadings Filed and Reviewed:**
1) Motion for Order: (1) Authorizing Sale of 871 Linda Flora Drive, Los Angeles, CA 90049 Free and Clear of Liens, Claims, and Interests [Doc. No. 155] (the "Sale Motion")
   a) Notice of [Sale Motion] [Doc. No. 156]
   b) Amended Notice of [Sale Motion] [Doc. No. 159]
   c) Supplemental Proof of Service of [Sale Motion] [Doc. No. 161]
   d) Second Supplemental Proof of Service of [Sale Motion] [Doc. No. 162]
   e) Request for Judicial Notice in Support of [Sale Motion] [Doc. No. 157]
   f) Notice of Sale of Estate Property [Doc. No. 163]
   g) Notice of Publication of Notice of Sale of Estate Property [Doc. No. 164]
2) Limited Opposition of Saman Jilanchi, Qwan International Investments, LLC and Qwan Capital, LLC to [Sale Motion] [Doc. No. 165]
3) Limited Opposition to Sale Motion [filed by Subchapter V Trustee] [Doc. No. 166]
4) Debtor Med Equity, LLC's Omnibus Reply to Limited Oppositions to [Sale Motion] [Doc. No. 167]

## I. Facts and Summary of Pleadings

    On March 26, 2021 (the "Petition Date"), Med Equity LLC (the "Debtor") filed a voluntary Chapter 11 petition and elected to proceed under Subchapter V of Chapter 11. The Debtor is the developer of a single family luxury home located at 871 Linda Flora Drive, Los Angeles, CA 90049 (the "Property"). Development of the Property was financed by a loan obtained from Saman Jilanchi, Qwan International Investments, LLC, and Qwan Capital, LLC (collectively, the "Lenders"). Construction of the luxury home has not yet been completed.

    On October 19, 2021, the Court approved a *Settlement Agreement and General Release* (the "Settlement Agreement") between the Debtor and the Lenders. Doc. No. 97. Under the Settlement Agreement, the Lenders were granted an allowed secured claim in the approximate amount of $3.8 million (the "Claim"). In exchange, the Debtor's managing member Josh Pukini ("Pukini") was provided 90 days to purchase

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, July 6, 2022**                                                                 Hearing Room    1568

<u>11:00 AM</u>
**CONT...        Med Equity, LLC                                                                                Chapter 11**

the Claim, provided that Pukini caused $315,000 to be paid to the Lenders within five business days of execution of the Settlement Agreement. Pukini failed to purchase the Claim within the time allotted under the Settlement Agreement.

On April 22, 2022, the Court authorized the Debtor to employ Rodeo Realty, Inc. to market the Property. Doc. No. 148 (the "Broker Employment Order"). The Broker Employment Order fixed the following deadlines with respect to the sale of the Property:

> If Debtor has not filed a motion to approve a proposed sale of the Property on or before May 31, 2022 and if the Court has not approved a sale of the Property on or before July 15, 2022 and if a Court approved sale has not closed by August 15, 2022, then, upon the filing of a declaration by Lenders informing the Court that one or more of such deadlines has passed, and the lodging of an order by Lenders and the entry of an order, the sub-Chapter V trustee Douglas Flahaut shall automatically be appointed Chapter 11 trustee of Debtor's estate pursuant to 11 U.S.C. § 1104(a)(2). Alternatively, Lenders may, by noticed motion, seek appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)(1).

Broker Employment Order at ¶ 4.

The Debtor seeks authorization to sell the Property to AB Capital LFD, Inc. ("AB Capital") for $4,750,000, free and clear of liens, claims, and interests. Pukini and Ryan Young ("Young"), who are principals of the Debtor, are also shareholders of both AB Capital and AB Capital's real estate broker, CalPac Management, Inc. ("CalPac").

The Subchapter V Trustee and the Lenders do not oppose the sale, but object to certain provisions of the Purchase and Sale Agreement (the "PSA"). In response to these objections, the Debtor and AB Capital have agreed to modify certain provisions of the PSA, as follows:

1) AB Capital has agreed to waive all due diligence contingencies.
2) Debtor agrees that the Court, as opposed to an arbitrator, will have jurisdiction over any disputes arising from the sale.

The following disputes over certain provisions in the PSA have not been resolved:

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

**Wednesday, July 6, 2022**                                                                 **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...**      **Med Equity, LLC**                                                             **Chapter 11**

1) The PSA provides AB Capital until September 6, 2022 to close the sale. Lenders assert that this provision runs afoul of the August 15, 2022 deadline to close the sale set forth in the Broker Employment Order. The Subchapter V Trustee's position is that in view of AB Capital's deposit of only 3% ($142,500), AB Capital should be required to close the sale within fifteen days of the sale hearing, and that if AB Capital wants more time to close, it should be required to submit a larger deposit. Debtor states that "AB Capital's goal is to close on or before August 15, 2022, but cannot guarantee the sale will close by that date." Doc. No. 167 at 1. Debtor asserts that this issue should not prevent the Court from granting the Sale Motion because if the sale does not close by August 15, 2022, "AB Capital's deposit will be forfeited to Debtor and the [Subchapter V Trustee] will then take over the case pursuant to" the Broker Employment Order. *Id.* at 1–2.
2) Under the PSA, if AB Capital fails to close the sale, AB Capital's 3% deposit ($142,500) is forfeited to the Debtor. Lenders assert that the deposit should be forfeited to the Lenders, rather than the Debtor, if the sale does not close.
3) Pursuant to the PSA, AB Capital's 3% deposit ($142,500) is currently being held in escrow. Lenders maintain that the deposit should be held in the Subchapter V Trustee's trust account.

Finally, Lenders request that if AB Capital does not close the sale by August 15, 2022, that the Court approve the Lenders' credit-bid of $2.5 million and allow Lenders to purchase the Property as the back-up bidder.

## II. Findings of Fact and Conclusions of Law
### A. The Court Grants the Sale Motion
Section 363(b) authorizes the sale of estate property out of the ordinary course of business, subject to court approval. The estate representative must articulate a business justification for the sale. *In re Walter*, 83 B.R. 14, 19–20 (9th Cir. BAP 1988). Whether the articulated business justification is sufficient "depends on the case," in view of "all salient factors pertaining to the proceeding." *Id.* at 19–20.

The Debtor has demonstrated sufficient business justification for the sale. The Debtor has shown that a sale is the most likely way to satisfy the indebtedness of its largest creditors, the Lenders. The sale is supported by the Lenders and the Subchapter V Trustee.

The Court will require AB Capital, or another overbidder who prevails at the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, July 6, 2022**　　　　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room    1568**

<u>11:00 AM</u>
**CONT...**　　　　**Med Equity, LLC**　　　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

auction, to close the sale by August 15, 2022. The Court does not believe that any additional time to close the sale is warranted. This case has been pending for more than fifteen months. The shareholders of AB Capital are the principals of the Debtor and are therefore already familiar with the Property. No compelling reason has been articulated as to why AB Capital cannot close the sale by August 15, 2022; the Debtor offers only the vague assertion that "AB Capital's goal is to close on or before August 15, 2022, but cannot guarantee the sale will close by that date." Doc. No. 167 at 1. The Debtor has been on notice since April 22, 2022 that if a sale does not close by August 15, 2022, then the Debtor will be divested of its status as a debtor-in-possession and the Subchapter V Trustee will assume control of the case. For all these reasons, if AB Capital or another overbidder has not closed the sale by August 15, 2022, then the Court will approve the Lenders' credit-bid of $2.5 million, and allow the Lenders to purchase the property as the back-up bidder.

　　Pursuant to § 363(f)(3), the sale shall be free and clear of the Claim of the Lenders. The $4,750,000 sale price exceeds the Lenders' Claim, which has been allowed in the amount of approximately $3.8 million.

　　Having reviewed the declarations of Pukini and John Gould, the Court finds that AB Capital is a good-faith purchaser entitled to the protections of § 363(m). In the event that an overbidder prevails at the auction, the Court will take testimony from such overbidder to determine whether § 363(m) protections are warranted.

　　Notwithstanding Bankruptcy Rule 6004(h), the over approving the sale shall take effect immediately upon entry. Pursuant to Bankruptcy Rule 6004(f)(2), the Debtor is authorized to execute all documents and instruments necessary to effectuate the sale.

**B. Auction Procedures**

　　In the event that any qualified overbidders are present, the Court will conduct the auction in accordance with the following procedures. The initial overbid shall be $4,850,000, with subsequent overbids to be in increments of $25,000. The overbid increment is subject to adjustment by the Court to facilitate bidding. The Court will announce each bid level; however, parties are free to submit bids in excess of the bid level announced by the Court. To remain in the auction, bidders must participate at all bid levels. That is, parties who do not bid in a round cannot later change their minds and re-enter the auction.

### III. Conclusion

　　Based upon the foregoing, the Sale Motion is **GRANTED**, except that if the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

---

**Wednesday, July 6, 2022**                                                                                          **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...        Med Equity, LLC                                                                                          Chapter 11**

stalking-horse purchaser AB Capital LFD, Inc. or another overbidder has not closed the sale by August 15, 2022, then the Court will approve the Lenders' credit-bid of $2.5 million, and allow the Lenders to purchase the property as the back-up bidder. Within seven days of the hearing, the Debtor shall submit a proposed order incorporating this tentative ruling by reference. **[Note 1]**

**Note 1**
    To ensure that the Lenders and the Subchapter V Trustee have the opportunity to review the Debtor's proposed order as to form, the Debtor shall either (a) submit a *Notice of Lodgment* of the proposed order in accordance with the procedure set forth in Local Bankruptcy Rule 9021-1(b)(3)(A) or, in the alternative, shall (b) obtain the Lenders' endorsement as to the form of the proposed order pursuant to the procedure set forth in Local Bankruptcy Rule 9021-1(b)(3)(C).

| Party Information |
|---|

**Debtor(s):**

| Med Equity, LLC | Represented By |
| | Alan W Forsley |

**Trustee(s):**

| Moriah Douglas Flahaut (TR) | Pro Se |