M. Douglas Flahaut (SBN 245558)
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:   213.629.7400
Facsimile:   213.629.7401
Email:   douglas.flahaut@arentfox.com

Subchapter V Trustee

FILED & ENTERED

JUL 29 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

CHANGES MADE BY COURT

| | |
|---|---|
| In re | Case No. 2:21-bk-12447-ER |
| MED EQUITY, LLC, | Chapter 11 |
| Debtor. | **ORDER:** |
| | **(1) AUTHORIZING SALE OF 871 LINDA FLORA DRIVE, LOS ANGELES, CA 90049 FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS;** |
| | **(2) APPROVING PROPOSED OVERBID PROCEDURES;** |
| | **(3) DETERMINING THAT BUYER IS A GOOD FAITH PURCHASER;** |
| | **(4) AUTHORIZING PAYMENT OF COSTS OF SALE AND CERTAIN LIENS FROM ESCROW;** |
| | **(5) WAIVING THE FOURTEEN (14) DAY STAY PRESCRIBED BY RULE 6004(H) OF THE FRBP** |
| | **Hearing:** |
| | Date: July 6, 2022
Time: 11:00 a.m.
Place: Courtroom 1568 ~~301~~
~~via ZoomGov~~ |

2808568

At the place and time above stated, there came on for hearing on regular notice the "Motion for Order Authorizing Sale of 871 Linda Flora Drive, Los Angeles, CA 90049 Free and Clear of Liens, Claims, and Interest, etc." [Dkt No. 156] filed by Debtor and Debtor-in-Possession Med Equity, LLC's ("**Debtor**").  Marc A. Lieberman of Fredman Lieberman Pearl LLP appeared in person on behalf of the Debtor.  Sub-Chapter V trustee Douglas Flahaut, Esq. ("**Sub-V Trustee**") of ArentFox Schiff, LLP appeared in person.  Hamid Rafatjoo, Esq. of Raines Feldman LLP appeared on behalf of Saman Jilanchi, Qwan International Investments, LLC and Qwan Capital LLC (collectively "**Lenders**").  Other appearances, if any, are noted in the record.

The Court, having read and considered the Motion, and all papers and pleadings filed in support thereof; having received documentary evidence; having read and considered the Limited Opposition to Sale Motion filed by the Sub-V Trustee [Dkt No. 166], the Limited Opposition, etc. filed on behalf of the Lenders [Dkt No. 165], and the Debtor's Omnibus Reply and supporting declarations [Dkt. No. 167], finding that notice of the Motion was appropriate and sufficient; after hearing the arguments of counsel, and good cause appearing therefor:

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.    This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Determination of the Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

B.    On or about June 4, 2021, the Lenders filed Claim No. 4 asserting a claim secured by the Property in the amount of $3,734,240.80, which secured claim was subsequently deemed allowed in the amount of $3,800,000.00 by a final order of this Court entered October 19, 2021. Claim No. 4 is continuing to accrue, among other things, interest and attorneys fees to the extent allowed by 11 U.S.C. § 506.  The Lenders shall hereinafter be referred to as the "Backup Bidder."

C.    The statutory predicate for the relief sought by the Motion is § 363(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (each a "**Bankruptcy Rule**" and together, the "**Bankruptcy Rules**").

D.      Proper, timely, sufficient and adequate notice of the Motion and the transaction contemplated thereby has been provided in accordance with § 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.  Such notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion is or shall be required.

E.      The Real Property which is the subject of the Motion, 871 Linda Flora Drive, Los Angeles, CA 90049, APN No. 4368-023-020 (the "**Property**") more fully described in **Exhibit A** hereto, is property of this Estate pursuant to Bankruptcy Code § 541.

F.      The terms and conditions of the sale of the Property as contemplated and described in the California Residential Purchase Agreement and Joint Escrow Instructions dated May 25, 2022 (collectively, the "**Purchase Agreement**") attached as Exhibit "1" to the Motion are fair and reasonable.

G.      There is a sound business purpose for the sale of the Property as contemplated by and described in the Purchase Agreement; and, if that sale is not closed by August 15, 2022, to sell the Property to the Backup Bidder for a $2,500,000 credit bid (the "Credit Bid").

H.      The sale of the Property as contemplated by and described in the Purchase Agreement or pursuant to the Credit Bid, if applicable, was proposed and negotiated in good faith and is in the best interests of the Estate and its creditors.

I.      The Property was adequately marketed.  The Debtor did not receive any qualified overbids prior to the hearing, and no overbidders participated in the sale hearing.

J.      Prior to the hearing on the Motion, ~~the~~ AB Capital LFD, Inc. ("**Winning Bidder**") made a deposit~~ed~~ in the amount of $142,500 ("**Deposit**") into Escrow No. 002242-JD held by Prosper Escrow ("**Escrow**").

K.      The Winning Bidder has acted in good faith and the sale as contemplated and described in the Purchase Agreement, which is an arms-length transaction, is without collusion.

L. If applicable, the Backup Bidder has acted in good faith and the sale for the Credit Bid amount is a good faith offer given the facts and circumstances of the case; and the Backup Bidder has not colluded with any parties.

M. The Debtor is authorized to sell the Property in its capacity as Debtor-in-Possession. If the Winning Bidder does not close on the purchase of the Property by August 15, 2022, by paying the balance of the Purchase Price (defined below) to Debtor's estate or into escrow, the Property shall be deemed sold to the Backup Bidder for the Credit Bid amount.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. As set forth in the Court's Tentative Ruling [Dkt No. 168] which is incorporated fully into this order by reference, the Motion is granted;

2. Debtor is authorized to sell the Property to the Winning Bidder for Four Million Seven Hundred Fifty Thousand Dollars ($4,750,000) ("**Purchase Price**") pursuant to 11 U.S.C. § 363 and is further authorized to pay, pursuant to demands submitted to escrow, all liens and encumbrances to the extent provided in the Motion, except the Insider Liens;

3. Debtor is authorized to sign all documents necessary to consummate the sale and close escrow, including, but not limited to, purchase and sale agreement, grant deed and escrow instructions;

4. Debtor is authorized to pay all customary costs of sale;

5. Debtor is authorized to pay all property taxes accrued or accruing through August 15, 2022;

6. Debtor is authorized to pay a broker's commission equal to 5% of the sale price, to be divided between Debtor's broker and Buyer's broker according to customary practices; provided however, that notwithstanding the foregoing, if the Property is sold to the Backup Bidder no brokers commission shall be paid;

7. The proposed overbid procedures are approved;

8. The sale is in the best interest of the Estate, and Purchase Price is fair and reasonable;

9. The sale is made in good faith and for value;

10. The Winning Bidder is a good faith purchaser entitled to protections under 11 U.S.C. § 363(m);

11. The Property is sold free and clear of all liens, claims, and interests of any creditor which consents to the sale pursuant to 11 U.S.C. § 363(f)(2);

12. The Property is sold free and clear of all encumbrances, liens, claims, and interests (collectively the "**Removed Encumbrances**") pursuant to 11 U.S.C. § 363(f)(3) (with all liens, claims, interests and encumbrances attaching to the net sale proceeds), including but not limited to the following:

    a. The deed of trust recorded on behalf of **Saman Jilanchi, Qwan International and Qwan Capital** on December 7, 2018 as **Instrument No. 20181237744** in the Official Records of the Los Angeles County Recorder.

     b.     The deed of trust recorded on behalf of the **Joshua Pukini R. Trust** dated June 27, 2013 on March 18, 2019 as **Instrument No. 20190236980** in the Official Records of the Los Angeles County Recorder.

     c.     The deed of trust filed on behalf of **Cal Pac Mortgage Fund, LLC** on June 5, 2019 as **Instrument No. 20190522879** in the Official Records of the Los Angeles County Recorder.

     d.     The **Notice of Pendency of Action** in *Med Equity v Jilanchi et al*, LASC Case No. 20STCV33871 recorded on January 19, 2021 as **Instrument No. 20210090023** in the Official Records of the Los Angeles County Recorder.

13.     The Purchase Agreement and escrow instructions, including addendums attached to the Pukini Declaration as **Exhibit "1,"** is approved, **except that the Winning Bidder's deadline to fund the balance of the Purchase Price shall be August 15, 2022 ("Closing Deadline")**;

14.     The sale of the Property shall be "as-is" and "where-is" with all faults and without warranty, representation, or recourse whatsoever;

15.     If the Winning Bidder does not complete the purchase of the Property by the Closing Deadline for any reason:

     a.     The Deposit shall be forfeited as liquidated damages to the Debtor's estate.

     b.     Escrow shall promptly pay the Deposit over to the Debtor's estate without delay.

   c. The Backup Bidder shall substitute for the Winning Bidder with a backup credit bid of $2,500,000 and shall be deemed the new highest and best bid with all the same protections provided herein in favor of the Winning Bidder.

   d. The Property shall be immediately sold to the Backup Bidder for the Credit Bid amount. Debtor shall sign all documents necessary to consummate the sale. The sale of the Property to the Backup Bidder is in the best interest of the estate and is made in good faith and for value. The Backup Bidder is a good faith purchaser entitled to protections under 11 U.S.C. § 363(m).

   e. The Backup Bidder shall acquire the Property free and clear of the Removed Encumbrances pursuant to 11 U.S.C. § 363(f).

16. This order is not intended to adjudicate or impact any dispute, if any, between the Lenders and any other party asserting rights in or ownership of Claim No. 4. <span style="color:red">The Objection of the Lenders [Dkt. No. 175] to the inclusion of this paragraph 16 in this Order is **OVERRULED**.</span> <span style="color:red">~~NOTE: THE PARTIES ARE IN AGREEMENT AS TO THE FORM OF THIS ORDER EXCEPT FOR PARAGRAPH 16 WITH THE DEBTOR BELIEVING IT SHOULD BE INCLUDED AND THE JILANCHI/QWAN ENTITIES BELIEVING IT SHOULD BE EXCLUDED.~~</span>

17. The 14-day stay regarding the effectiveness of the order shall be waived;

18. Notwithstanding anything to the contrary contained in the Purchase Agreement, the Court retains jurisdiction: (a) to interpret, enforce, and implement the terms of the Purchase Agreement and each of the documents and instruments executed in connection therewith; and (b) to resolve any disputes arising under or related to this order.

19. Any objections to the relief requested in the Motion and the entry of this Order that

have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice.

20. The findings of fact and conclusions of law stated herein and as set forth by the Court on the record during the hearing on this matter and in the tentative ruling specifically incorporated herein, shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

IT IS SO ORDERED.

### #

Date: July 29, 2022

Ernest M. Robles
United States Bankruptcy Judge

**EXHIBIT "A"**

LEGAL DESCRIPTION OF 871 LINDA FLORA, LOS ANGELES, CA

LOT 26 OF TRACT NO. 13900, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 331 PAGES 6 TO 9 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THEREFROM THAT PORTION OF LOT 26, DESCRIBED AS FOLLOWS: BEGINNING AT THE MOST EASTERLY CORNER OF SAID LOT (A RADIAL TO SAID CORNER BEARS NORTH 64 DEGREES 41 MINUTES 32 SECONDS EAST); THENCE ALONG THE SOUTHEASTERLY LINE OF SAID LOT, SOUTH 57 DEGREES 03 MINUTES 21 SECONDS WEST 368.45 FEET TO THE MOST SOUTHERLY CORNER OF SAID LOT; THENCE ALONG THE SOUTHWESTERLY LINE OF SAID LOT, NORTH 49 DEGREES 36 MINUTES 26 SECONDS WEST 295.79 FEET TO THE MOST WESTERLY CORNER OF SAID LOT; THENCE NORTH 69 DEGREES 38 MINUTES 47 SECONDS EAST 278.54 FEET; THENCE SOUTH 47 DEGREES 01 MINUTES 54 SECONDS EAST 49.66 FEET; THENCE SOUTH 82 DEGREES 41 MINUTES 10 SECONDS EAST 92.53 FEET; THENCE SOUTH 82 DEGREES 56 MINUTES 29 SECONDS EAST 131.91 FEET TO A POINT IN THE NORTHEASTERLY LINE OF SAID LOT, DISTANT THEREON 30.00 FEET FROM THE MOST EASTERLY CORNER OF SAID LOT; THENCE SOUTHEASTERLY ALONG THE NORTHEASTERLY LINE OF SAID LOT, A DISTANCE OF 30.00 FEET TO THE POINT OF BEGINNING. THE ABOVE LEGAL DESCRIPTION ALSO KNOWN AS: LOT "A" OF PARCEL MAP NO. 995, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 13 PAGE 33 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR PARCEL NUMBER 4368-023-020